FIRST SECURITY NATIONAL BANK
AND TRUST COMPANY OF
LEXINGTON, Appellant,

v.

Russell des COGNETS, Jr., Appellee.

Court of Appeals of Kentucky.

Feb. 24, 1978.

Gladney Harville, Lexington, for appellant.

Buford A. Short, Rose & Short, Beattyville, for appellee.

Before MARTIN, C. J., and PARK and WHITE, JJ.

WHITE, Judge.

The appellant-plaintiff, First Security National Bank and Trust Company of Lexington, appeals from a declaratory judgment of the Fayette Circuit Court entered in favor of the appellee-defendant, Russell des Cognets, Jr., a beneficiary of a trust administered by the bank. The right of the bank to take annual commissions on trust corpus is the sole issue on appeal. The opinion of the circuit court contains a correct statement of the case and the law applicable to this appeal. We adopt the opinion of the circuit court as the opinion of this court.

■■■ The opinion of the circuit court states:

. . . . .

The only issue in this case involves the proper construction to be placed upon a provision found in KRS 386.180(1). The facts are not in dispute.

On December 6, 1922, Russell des Cognets and Security Trust Company entered into an inter vivos trust agreement wherein certain assets were placed in trust with Security Trust Company. The trust created by this instrument is still in existence. Security Trust Company and First National Bank and Trust Company merged on March 1, 1961. The merged entity, First Security National Bank and Trust Company, is now the trustee under said trust agreement. The defendant, Russell des Cognets, Jr., is one of two beneficiaries of the trust estate; the other beneficiary being Estelle des Cognets, a sister of the defendant. The trust agreement contains no provision regarding commissions to be paid to the trustee and it contains nothing regarding the time and manner of payment.

That portion of KRS 386.180(1) which is in dispute is the sentence providing for a trustee's right to a commission on principal. That sentence reads as follows:

"They shall also receive an annual commission of one-fifth of one percent (.02%) of the fair value of the real and personal estate in the care of the fidu-

ciary or, at the option of the fiduciary and in lieu of the annual commission on principal, a commission which shall not exceed five percent (5%) of the fair value of the principal distributed, payable at the time the principal is distributed."

The trust was created on December 6, 1922. There was no statute in effect at that time regarding any commission of a trustee. In 1938 KRS 386.180(1) was enacted and it has not been changed since that time.

Prior to the consolidation of the two banks, Security Trust had historically followed a practice of not paying itself an annual commission on principal in trusts administered by it; whereas, First National had consistently followed the opposite practice in most long-term trusts administered by it. Sometime after the consolidation, an examination was made of the trust administered by the combined bank and a decision was made to commence the payment of an annual commission on principal in several of the trust accounts that were anticipated to be of long duration. From 1938 to 1971 the plaintiff charged only a fee of five percent of income. The first annual commission on principal was paid in this trust account on November 1, 1971.

The defendant contends that the continued failure of a trustee to pay itself an annual commission on principal, over an extended period of time, constitutes the exercise by that trustee of its statutory option to accept the commission on principal on termination of the trust only. The plaintiff argues that this is a continuing option that is available to a trustee at anytime during the life of a trust and that the right of a trustee to elect either mode of compensation is not lost until the trustee, by an affirmative or overt act, elects one route or the other.

In an attempt to construe the statutory provision in issue, it becomes necessary to determine whether or not an election was made or whether the option was exercised during the years prior to 1971, since the trustee took no affirmative or overt action with respect to a commission on principal; or, stated another way, did the trustee indicate its intention to collect the statutory five percent of premium at termination of the trust by failing to exercise the statutory option to charge an annual fee of one-fifth of one percent of principal for over thirty-three years?

The plaintiff concedes that a payment by the trustee of a single annual commission on principal at anytime during the life of the trust would constitute an election by the trustee and it would thereafter be bound to follow that option.

This is a case of first impression. There is no similar statute in any other state. There are no Kentucky cases interpreting this statute.

It is the Court's conclusion that the trustee exercised its statutory option to collect its fee upon termination of the trust. Although the statute in this case does not fix a time for the exercise of the trustee's option, it would appear that it must be exercised within a reasonable time. *Oliver v. Wyatt,* (Ky.1967) 418 S.W.2d 403. As argued by the defendant, the statute granted to the plaintiff the alternative to collect its fee annually from the principal or to wait and collect its fee from principal upon termination. This made it necessary that the plaintiff make such a decision within a reasonable period of time. Here the plaintiff did not collect the annual fee from principal for a period in excess of thirty-three years, which indicates to this Court that it had exercised its option to collect the fee from principal upon termination of the trust.

The defendants have further argued that the plaintiff waived its right to charge an annual fee on principal since it waited so long to exercise its statutory option. The Court agrees with this contention and finds that the plaintiff, in failing to charge an annual fee on principal, was relinquishing a known right. This waiver can be gleaned from the statements made by the plaintiff to the family of the defendants wherein they

assured the family of the beneficiaries that the trust would continue as in the past. The plaintiff, having intentionally waived a known right, cannot later charge an annual fee on principal.

During oral argument before this court, the appellant-plaintiff relied upon a New Jersey trial court opinion, *In re Phipps Family Trusts,* 147 N.J.Super. 331, 371 A.2d 316 (1976). This case is cited for the proposition that the right of a trustee to take an annual commission on corpus is not waived by the trustee's failure to take the commission in the year in question. The *Phipps Family Trusts* case is distinguishable on a number of grounds. First, New Jersey did not have a statute comparable to KRS 386.-180(1). Second, New Jersey did have a statute which provided that the failure of a fiduciary to take commissions in any year as permitted by statute should not constitute a waiver of the right of the fiduciary to take the commissions in a subsequent year. Third, interim settlements filed by the New Jersey trustee reserved the right to take commissions on corpus in the future. In some cases, there was an express agreement with trust beneficiaries that the New Jersey trustee had not waived its right to claim a commission on corpus for the years in question. No such agreement or reservation is present in this case.

If the argument of the appellant-plaintiff were correct, the trustee could wait twenty-five years before being required to elect to receive an annual commission on corpus rather than the five percent commission payable at the time of final distribution. We find nothing in the language of KRS 386.180(1) which indicates that the legislature intended that a trustee be able to avoid the risk of early termination of a trust by declining to exercise the option afforded by the statute for such an extended period of years. We agree with the circuit court that the trustee was required to exercise its option to take annual commissions on corpus under KRS 386.180(1) within a reasonable time and that thirty-three years was not a reasonable time.

The judgment of the circuit court is affirmed.

All concur.